THOMAS M. MOSELEY *vs.* OAKES AMES & another.

A note executed and delivered by a firm as collateral security for a guaranty on which the guarantor is still responsible may be proved against the insolvent estate of the makers.

A note executed by one partner in the name of his firm, as a substitute for a note of the same amount previously executed by them, and delivered prior to the institution of proceedings in insolvency by the makers, may be proved against their estate; there being nothing to show that in making and delivering the same he exceeded his authority.

THE counsel for the plaintiff, in opening the case in the superior court, stated that in 1855 Samuel M. Phillips, Flavel Moseley, Frederick P. Moseley and George A. Phillips were copartners

under the name of Phillips & Moseley. In June of that year said Frederick and George purchased the interest of Samuel M. Phillips in the stock and assets of the firm, and gave him in part payment therefor several promissory notes signed by them, amounting to $22,000. At or before the delivery thereof, the plaintiff, at the request of his son, said Frederick, put his name upon the back of one half of said notes as guarantor, upon the agreement of said Frederick that he would give to him as collateral security therefor the promissory note of said Phillips & Moseley, payable on demand, for $11,000 ; and simultaneously with the execution of said guaranty said Frederick, in pursuance of said agreement, and with the knowledge and consent of the firm of Phillips & Moseley, made and executed in the name of the firm a promissory note, dated July 1st 1855, for $11,000, payable to the plaintiff on demand. Said note was delivered to the plaintiff and remained in his possession for a short time, and was then deposited by him for safe keeping in the safe of Phillips & Moseley. In 1858 or thereabouts said Frederick, without the knowledge or consent of the plaintiff, destroyed said note, and at the same time made a new note of the same date, amount and tenor, in the name of Phillips & Moseley, and caused the same to be attested by one R. C. Gear as subscribing witness, and deposited the same in the safe of said firm in lieu of said destroyed note, where it remained until a short time prior to the suspension of said firm in January 1860, when it was received by the plaintiff without the knowledge of the change hereinbefore stated.

In April of that year, Phillips & Moseley, upon their petition, were declared insolvent debtors by the court of insolvency for the county of Norfolk, a warrant was issued against their estate, and the defendants Oakes Ames and another were elected assignees. At a court of insolvency held in May or June 1860, the attested note was presented to said court for allowance by the plaintiff against the estate of Phillips & Moseley, his guaranty upon said notes to Samuel M. Phillips being still valid and outstanding against him, and at a meeting of the creditors of said firm held subsequently, said court rejected and disallowed

said claim, and the plaintiff took an appeal from said decree in due form to this court.

*Brigham*, J. ruled that if the statements made by the counsel for the plaintiff in opening the case were proved, the plaintiff could not have proved the attested note against the estate of Phillips & Moseley in insolvency, but if he had any claim whatever upon the estate of Phillips & Moseley, it was upon the note destroyed as before stated; and thereupon a verdict was returned for the defendants, and the case was reported for the determination of this court.

No counsel appeared for the plaintiff.

*J. G. King*, for the defendants.

BY THE COURT. The note substituted was made by a partner competent to make and deliver it. It does not appear that the substitution was not authorized by the other copartners or sanctioned by them. It was delivered to the plaintiff before the institution of proceedings in insolvency. It was accepted by him. He offered it for proof, and now claims to recover it, thus asserting his title to it. Under such circumstances, the assignees have no right to avoid it. *New trial granted.*